John C. Manly, Esq. CA State Bar No. 149080
Vince W. Finaldi, Esq., CA State Bar No. 238279
MANLY & STEWART
4220 Von Karman Avenue, Suite 200
Newport Beach, California 92660
Telephone: (949) 252-9990
Facsimile: (949) 252-9991

Sharyl Bilas Garza, CA State Bar No. 160907
SHARYL BILAS GARZA, APC
537 Newport Center Dr. # 164
Newport Beach, California 92660-6937
(949) 644-7362 (f) (949) 640-6948
Attorneys for Plaintiff, JANE MK DOE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JANE MK DOE, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>STARBUCKS, Inc., a Washington corporation sole; TIMOTHY HORTON, an individual; DOES 1 through 100, inclusive;<br><br>    Defendants. | Case No.: SACV08-0582 AG (CWx)<br>Judge: Honorable Andrew Guilford<br>Dept.: 10D<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT RE: PRODUCTION OF DOCUMENTS (WITHOUT PREJUDICE) AND ORDER THEREON.**<br><br>*[No hearing date scheduled]*<br><br>Date Action Filed: July 6, 2007<br>Date Removed: May 23, 2008<br>(SUPERIOR COURT OF CALIFORNIA, ORANGE COUNTY, Case No. 07CC01314)<br><br>**NOTE CHANGES MADE BY COURT** |

- 1 –
**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT (WITHOUT PREJUDICE)**

This Stipulation is made this 10th day of June, 2009, by and between the parties hereto, through their respective counsel, as follows:

## **RECITALS**

The parties hereto ("Requesting Parties") have requested the production of certain documents including records concerning current and/or former employees/employers, treating physicians, business records, policies and procedures, complaint and action histories, and educational institutions, from the parties hereto ("Responding Parties") and third parties who hold those documents, such as the educational institutions and treaters themselves; and Responding Parties maintain that certain of the documents, records and materials subject to such production constitute employee or the records, consumer records, reports and information entitled to protection from disclosure under California and/or federal law as confidential, proprietary and/or private in nature (more fully defined hereinafter as the Confidential Material); and

In effort to prevent a discovery dispute that may require judicial intervention, and obviate the need for the filing of multiple motions for protective orders regarding third-party subpoenas for such documents, and establish a mechanism through which the potential confidential, proprietary and/or private nature of such records, reports and information may be maintained, IT IS

STIPULATED between the parties hereto, through their respective counsel, as follows:

1. In connection with the discovery proceedings in this action, the parties may preliminary designate any document, thing, material, testimony or other information derived therefrom which contains private, financial, proprietary and/or privileged information under California and/or federal law, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Such a designation shall only be made where the attorney of record believes, in good faith, that: (i) the information is protected under the California Evidence Code: and/or (ii) disclosure of such information would violate a personal, financial, or other interest protected by law resulting in serious harm that outweighs the public interest in disclosure of such information.

2. Material preliminary designated as "Confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "Confidential" (hereinafter "Confidential Material") shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purpose.

3. Neither anything contained herein, nor any preliminary designation of Confidential Material as "Confidential," should be or is intended to be construed as

an agreement or admission n by any party that the material is in fact confidential, or is relevant, admissible, or material, nor shall anything therein alter any existing obligations of any party or the absence thereof.  The production of documents, material and information shall not constitute a waiver of the parties' right to claim in this litigation or otherwise that the Confidential Material is privileged inadmissible. By entering into this Stipulation, the parties do not waive any right to seek to compel the production of documents, or to assert obligation to the production of documents.

    4.    Except with the prior consent of the Responding Party, or upon prior order of this Court, discovery material preliminary designated as "Confidential" pursuant to Paragraph 1 above shall not be disclosed directly or indirectly by the person receiving such material to person other than (i) the parties, (ii) persons who already have seen or received such Confidential Material, and (iii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

    (a)    The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

    (b)    Counsel for the parties in this action, including associates, legal assistants, paralegals, secretarial and clerical employees, and outside

services (including, without limitation, translators, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of this action; (c) Independent third party experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of this action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or their employees who are assisting in the prosecution, defense, and/or appeal of this action, provided that the requirements of Paragraph 6 below have been met;

(d) A person (other than someone identified in (c) above) who is testifying as a witness either at a deposition or a court proceeding in this action, and only during the time he or she is testifying, provided that the requirements of Paragraph 6 below have been met;

5. The Responding Party shall preliminary designate Confidential Material at the time of its production by marking any original or copies of the document or other tangible materials produced with the legend "Confidential - Produced to Counsel in USDC Case No.:SACV08-0582 AG Pursuant to Stipulated Confidentiality Agreement." The Responding Party must also produce a log concurrent with all designated documents detailing the following: (1) the Bates range of the documents(s) in question, (2) the name of the attorney preliminary

**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT (WITHOUT PREJUDICE)**

designating such documents ("Designating Party") as " Confidential," (3) the date such preliminary designation was made, and (4) the legal grounds, under California and/or federal law, for such preliminary designation.

6. With the exception of the Court and counsel for the parties as described in Paragraphs 4(a) and 3(b), all persons receiving Confidential Material shall be required, before receiving any such material, to sign a Certification in the form attached hereto as Exhibit "A." Counsel for each disclosing party shall retain the original signed Certification, which they obtain from persons with whom they share Confidential Material. Counsel shall provide signed copies of all Exhibit "A" Certifications obtained as of the date of the request of counsel for any party who makes such a request on the basis of a good faith belief that the content of Confidential Material has been disclosed in violation of Paragraph 4.

7. The parties' attorneys of record may utilize Confidential Material in written interrogatories, requests for production and requests for admission served upon opposing parties. Such interrogatories, requests for production and requests for admission and responses thereof, to the extent that they contain or disclose any Confidential Material, shall be so designated.

8. Nothing herein shall impose any restrictions on a party from disclosing its own Confidential Material as it deems appropriate.

9.	Any part of testimony taken at deposition may be designated "Confidential" by making a statement to that effect on the record at the deposition or other proceeding.  The attorney preliminary designating such testimony ("Designating Party") shall state the legal grounds, under California and/or federal law, providing a good faith basis for such preliminary designation. Arrangements shall be made with the Court Reporter taking a transcribing such proceeding to separately bind such portions of the transcript only containing the information designated as "Confidential," and to label such portions appropriately.

10.	If a subpoena or a request for discovery of any nature is issued to a third party in connection with this litigation calls or arguably calls for the production by the recipient of the subpoena ("Recipient") of Confidential Material produced by Recipient by any other person in this action, then such information produced shall be subject to the provisions of this Protective Order without the Responding Party's need to file a Motion to Quash respective to the third-party subpoena.

11.	Any party may object to the designation of particular discovery material as "Confidential: or may object to the treatment of any information as deserving of "Confidential" treatment, by giving written notice to the producing party making that designation and to all other parties.  Such notice shall identify with specificity the discovery material or the category of information to which the

- 7 –
**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT (WITHOUT PREJUDICE)**

objection is directed, and the basis of the objection.  If the producing party or any other party disputes the challenge to the designation of the discovery material or the category of information, and such dispute cannot be informally resolved within ten (10) court days of receipt of such notice, the party objecting to the designation may raise the matter with the Court after expiration of the ten-day informal resolution period, unless stipulated otherwise by parties. The disputed discovery material shall be treated as originally designated pending a ruling from the Court to the contrary.  In any proceeding under this paragraph, the designating party shall have the burden of proof that the challenged discovery material is entitled to the protection of the designation of "Confidential."   If the designation is voluntary withdrawn or successfully challenged, the producing party shall re-produce the material without the designation.

   12. If any Confidential Material is to be included in any papers or transcripts submitted to the Court, including discovery motions and records submitted in connection with discovery motions or proceedings, such papers or transcripts shall be ~~lodged with~~ **submitted to** the Court ~~in a sealed envelope.  The documents lodged~~ **for approval of filing under seal pursuant to Local Rule 79.5.  Documents approved for filing under seal** shall be held by the Court ~~in such a manner as to prevent any disclosure thereof, unless pursuant to Court Order~~. **pursuant to Local Rule 79-5.2.** The parties understand and agree that subject to

- 8 –
**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT (WITHOUT PREJUDICE)**

evidentiary objections, the Court may consider Confidential Material to reach a resolution of this matter.

13. Discovery material shall not be Confidential Material if the content of substance thereof:

(a) is already in the public domain at the time of disclosure;

(b) becomes part of the public domain at any time, unless as a result of (i) action or failure to act, where there is a duty to act, on the part of the receiving party, or (ii) any breach of duty by any third party, or (iii) any violation of this Order; or

(c) is made available to the receiving part by a third part who obtained the same by legal means and without any obligation of confidence to the disclosure party.

14. This Order shall be without prejudice to the right of the parties to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  Any such motion shall be subject to the Court's rules governing discovery motions.  This Order shall not be deemed to prejudice the parties in any way in any future application for a modification of this Order.

16. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object hereto shall be construed as a waiver of any

claim or defense in this action.  This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery (except based on the need for a protective order) and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought in the course of discovery.  Nothing contained in this Order or any declaration of confidentiality or restriction hereunder shall be used or characterized by any party as an "admission" by a party opponent.  The failure of a party to object to or to challenge a designation of discovery material as "Confidential" shall not constitute an admission that the material so designated are in fact confidential, are trade secrets, or other confidential research, development, or commercial information or are entitled to any legal protections.

      17.    Entry of this Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any documents or other information in the course of this action; provided, however, that no such motion shall be made after the enty of a final judgment or settlement.

      18.    Nothing herein shall impose any restriction on the use or disclosure by a producing party of its own documents or information, including the deposition testimony of its employees or experts.  Nor shall this Order be construed to prevent any part or its counsel or experts from making use as they see fit of documents or

**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT (WITHOUT PREJUDICE)**

information which were lawfully available to the public or lawfully in the possession of the part, counsel, or expert prior to the producing party's providing them, or which properly came into the possession of the party, counsel or expert independent of any work in this action.  Nothing herein shall nullify any obligation or restriction otherwise imposed under California or federal law, on any person receiving Confidential Material.

19. Upon termination of this action, counsel for any party receiving Confidential Material under provision of this Stipulation and Order shall assemble all such Confidential Material for destruction or return to the producing part, except that lead counsel may retain one copy of all produced documents, discovery responses, and deposition transcripts and exhibits.  Upon request, Counsel shall confirm in writing to the producing party that such destruction or return has been completed.  Each attorney shall also be entitled to retain all pleadings, motions, memoranda or other such court documents embodying information derived from Confidential Material for the purpose of preserving its files in this action.  All documents retained by counsel shall continue to be subject to this Stipulation and Order upon termination of this action.

20. The Court may amend this Order.  This Order shall remain in force and effect until modified, superseded, or terminated by an order of the Court.

21. The parties agree to abide by terms of this proposed protective order with respect to any exchange of Confidential Material among them in reliance on the protections of this order, pending entry of this order or its modification by the Court. Further, the parties to the instant matter reserve the right to amend this stipulation in writing.

Dated: June __, 2009        MANLY & STEWART
                            John C. Manly, Esq.
                            Vince W. Finaldi, Esq.

                            SHARYL BILAS GARZA, APC
                            Sharyl B. Garza, Esq.

                            By_____
                               VINCE WILLIAM FINALDI
                               Attorneys for Plaintiff Jane MK Doe

Dated: June __, 2009        AKIN GUMP STRAUSS HAUER & FELD, LLP
                            Catherine A. Conway, Esq.
                            Anastasia M. Boles, Esq.
                            Cynthia S. Chou. Esq.

                            By_____
                               CATHERINE A. CONWAY
                               Attorneys for Defendant Starbucks Corporation

Dated: June __, 2009        YUHL STONER CARR LLP
                            Eric F. Yuhl, Esq.

                            By_____
                               ERIC F. YUHL
                               Attorneys for Defendant Timothy Horton

Good cause having been shown, **IT IS ORDERED**.

1  Dated on this __20th____ day of July, 2009

2
3                                 By_____/S/_____
                                          Carla M. Woehrle
4                                         U.S. Magistrate Judge

**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT (WITHOUT PREJUDICE)**

# EXHIBIT "A"

## CERTIFICATION OF NON-DISCLOSURE

I, _____, hereby certify my understanding that Confidential Material is being provided to me pursuant to the terms and restriction of an Order entered by order of the United States District Court of the State of California (the "Court") in connection with an action entitled <u>Jane MK Doe v. Starbucks Corporation, et al.,</u> Case No: SACV08-0582 AG (CWx).  I agree to maintain such information preliminary designated as "Confidential" in confidence. I agree not to use or disclose information preliminary designated as "Confidential," except in connection with the trail or preparation for trial or appeal in this proceeding, without prior written consent of the party who designated the material as "Confidential."

I further certify that I have been provided a copy of and have read the Order and hereby agree to the terms and agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order.  I understand that violation of the Order is punishable as contempt of court.

Dated: _____     _____
                              Signature

                              _____
                              Affiliation

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4220 Von Karman Avenue, Suite 200, Newport Beach, California 92660.

On June 23, 2009, I served the foregoing document described as **[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT RE: PRODUCTION OF DOCUMENTS (WITHOUT PREJUDICE) AND ORDER THEREON.** on the interested parties in this action.

**[X]** by placing **[ ]** the original **[X]** a true copy thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED MAILING LIST

**[X]** **BY U.S. MAIL -** I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal service, in a sealed envelope with postage fully prepaid at Newport Beach, California.

**[X]** **BY FAX TRANSMISSION -** Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used.

**[ ]** **BY PERSONAL SERVICE**
**[ ]** I personally delivered the documents to the persons at the addresses listed above.

**[ ]** **BY MESSENGER SERVICE**
**[ ]** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

**[X]** **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. .

Executed on June 23, 2009, Newport Beach, California.

                                                   _____
                                                   MARY HALVERSON

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4220 Von Karman Avenue, Suite 200, Newport Beach, California 92660.

On June 23, 2009, I served the foregoing document described as **[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT RE: PRODUCTION OF DOCUMENTS (WITHOUT PREJUDICE) AND ORDER THEREON.** on the interested parties in this action.

**[X]** by placing **[ ]** the original **[X]** a true copy thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED MAILING LIST

**[X]** **BY U.S. MAIL -** I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal service, in a sealed envelope with postage fully prepaid at Newport Beach, California.

**[X]** **BY FAX TRANSMISSION -** Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used.

**[ ]** **BY PERSONAL SERVICE**
**[ ]** I personally delivered the documents to the persons at the addresses listed above.

**[ ]** **BY MESSENGER SERVICE**
**[ ]** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

**[X]** **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. .

Executed on June 23, 2009, Newport Beach, California.

                                                   _____
                                                   MARY HALVERSON

**MAILING LIST:**
*Jane MK Doe v. Starbucks, Inc., et al.*
Case No. SACV08-0582 AG (CWx

| | |
|---|---|
| Catherine A. Conway, Esq.<br>Anastasia M. Boles, Esq.<br>Cynthia S. Chou, Esq.<br>AKIN, GUMP, STRAUSS, HAUER & FELD<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Tel: (310) 229-1000<br>Fax: (310) 229-1001<br>**ATTORNEYS FOR DEFENDANT STARBUCKS CORPORATION** | Eric F. Yuhl, Esq.<br>William E. Stoner, Esq.<br>George Rosenstock, Esq.<br>YUHL STONER CARR LLP<br>401 Wilshire Blvd., Ste. 1070<br>Santa Monica, CA 90401<br>Tel: (310) 393-0045<br>Fax: (310) 393-9869<br>**ATTORNEYS FOR DEFENDANT TIMOTHY HORTON** |
| Sharyl Bilas Garza, CA State Bar No. 160907<br>SHARYL BILAS GARZA, APC<br>21163 Newport Coast Drive #142<br>Newport Coast, California 92657<br>Telephone 949-644-7362<br>Facsimile  949-640-6948<br>**CO-COUNSEL** | |

**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT (WITHOUT PREJUDICE)**